IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02043-PAB

M.S.M.,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,
GEORGE VALDEZ, Field Office Director, Denver Field Office, United States
Immigration and Customs Enforcement,
DAVID VENTURELLA, Acting Director, United States Immigration and Customs
Enforcement,
MARKWAYNE MULLIN, Secretary of Homeland Security, and
TODD BLANCHE, Acting United States Attorney General, in their official capacities,[1]

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner M.S.M.'s Amended Petition for

Writ of Habeas Corpus [Docket No. 11].  Respondents filed a response.  Docket No. 13.

Petitioner filed a reply.  Docket No. 14.

## I.    BACKGROUND[2]

Petitioner was born in Western Africa to an enslaved family.  Docket No. 11 at 4,

¶ 18.  When petitioner was 12 years old, he was "gifted to his master's cousin" and

forcibly removed from his family.  *Id.*, ¶ 19 (alterations and citation omitted).  Petitioner

was branded with the mark of a slave at his new master's house.  *Id.*  On June 19,

---

[1] George Valdez and David Venturella are substituted as parties pursuant to Fed.
R. Civ. P. 25(d).
[2] The following facts are undisputed unless otherwise noted.

2024, petitioner's cousin, fearing for petitioner's life after he escaped his master for a second time, paid to have petitioner smuggled out of his home country.  *Id.*

On August 11, 2024, petitioner presented himself to United States Customs and Border Protection ("CBP") at the United States-Mexican border.  *Id.* at 4-5, ¶ 20; Docket No. 10-1 at 3, ¶ 5.  On August 12, 2024, petitioner was detained.  Docket No. 10-1 at 3, ¶ 8.  On October 3, 2024, petitioner was issued a Notice to Appear and warrant.  Docket No. 10-1 at 4, ¶ 11; Docket No. 11 at 4-5, ¶ 20.   An immigration judge held a bond hearing and denied petitioner release on bond based on petitioner's flight risk.  Docket No. 11 at 4-5, ¶ 20.  On August 25, 2025, an immigration judge granted petitioner withholding of removal, but denied his application for asylum.  *Id.* at 5, ¶ 21.  On September 18, 2025, petitioner filed an appeal with the Board of Immigration Appeals ("BIA").  Docket No. 10-1 at 4, ¶ 16.  On February 17, 2026, the BIA affirmed the immigration judge's finding.  Docket No. 11 at 5, ¶ 22.  On March 4, 2026, petitioner filed a motion to reconsider which remains pending before the BIA.  *Id.*, ¶ 23.  Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado.  *Id.* at 3, ¶ 12.

On June 2, 2026, petitioner filed an amended petition for writ of habeas corpus, bringing claims for violation of due process (Count I) and for arbitrary and capricious action under the Administrative Procedure Act (the "APA") (Count II).  *Id.* at 19-20.

## II.    ANALYSIS

In his petition, petitioner alleges that respondents have violated his due process rights under the Fifth Amendment pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *See* Docket No. 11 at 19-20.  In *Zadvydas*, the Supreme Court held that a noncitizen ordered removed and detained under § 1231(a)(6) cannot be indefinitely detained

without violating the Fifth Amendment of the United States Constitution.  *See Zadvydas*, 533 U.S. at 701.  *Zadvydas* held that a six-month period of post-removal detention is presumptively reasonable, but, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  This standard does not require petitioner to "show the absence of *any* prospect of removal – no matter how unlikely or unforeseeable."  *Id.* at 702.  Rather, he simply must show that removal is not significantly likely in the reasonably foreseeable future.  *Id.* at 701.

Petitioner's removal order became administratively final on February 17, 2026.  *See* Docket No. 11 at 6, ¶ 29.  Petitioner does not contest that he has been detained for less than the presumptively-reasonable six-month period.  *See id*.  Thus, petitioner's detention is "presumptively reasonable and does not trigger constitutional concerns" under *Zadvydas.  See Quang Minh Lien v. Sessions*, No. 18-cv-00878-CMA-MEH, 2018 WL 2722466, at *2 (D. Colo. June 6, 2018); *see Pacheco v. Baltazar*, No. 26-cv-01176-PAB, 2026 WL 1223414, at *5 (D. Colo. May 5, 2026) (finding that "petitioner's detention is presumptively reasonable" where petitioner had been detained less than six months); *Singh v. Sessions*, No. 17-cv-1324-WJM-KMT, 2017 WL 3397337, at *4 (D. Colo. Aug. 8, 2017) ("petitioner's detention of a little over three months following entry of his final order of removal on April 26, 2017, is presumptively reasonable and does not trigger constitutional concerns").  As petitioner notes, out-of-circuit courts have held that the six-month presumption of reasonableness is rebuttable, such that a petitioner's *Zadvydas* claim is not foreclosed by his post-removal detention being less than six

3

months.  *See* Docket No. 14 at 3.  However, even if the Court were to accept this argument, petitioner would have a "higher burden" to demonstrate that there is no reasonable likelihood of his removal when six months have not yet expired.  *See Cruz Medina v. Noem*, 794 F. Supp. 3d 365, 381 (D. Md. 2025).  Petitioner relies on the fact that he has been detained since August 11, 2024.  *See* Docket No. 11 at 12, ¶ 4.  But *Zadvydas* is concerned with the period of detention that follows the finalization of a removal order and not the period beginning the day respondents took petitioner into custody.  *See Hernandez v. Dedos,* 2026 WL 1602012, at *2 (D.N.M. June 4, 2026) (rejecting petitioner's argument that "applies the *Zadvydas* timer to his original arrest" and finding that "Petitioner's removal order became administratively final in May and his § 1231 detention, and the *Zadvydas* timer, began on that date").  Petitioner further relies on the fact that petitioner is protected from removal to his home country and that DHS has not yet identified a third country for petitioner's removal.  *See* Docket No. 11 at 13, ¶¶ 5-6.  Petitioner also argues that the fact he can seek protection from removal to a third country shows that his removal is not reasonably foreseeable.  *See id.*  The Court finds that, at this stage when petitioner is still within the *Zadvydas* six-month period, this evidence is insufficient to satisfy petitioner's heightened burden that his removal is not substantially foreseeable.

Petitioner argues that respondents violated the APA by "failing to conduct a custody re-determination once M.S.M. was granted withholding of removal, and DHS did not appeal."  Docket No. 11 at 15, ¶ 9.  Petitioner bases his claim on "ICE's long-standing policy [] to release noncitizens immediately following a grant of withholding or CAT relief absent exceptional circumstances," citing internal memorandum promulgated

4

by ICE in 2000, 2004, and 2012, and 2021.  *Id.* at 16-17, ¶ 15; Docket No. 11-2 at 37-40.  Given that petitioner is challenging the validity of his confinement, which can be properly challenged through habeas, the Court will deny petitioner's request for release pursuant to the APA.  *See Palacio v. Warden of Cimarron Corr. Facility*, 2026 WL 1126953, at *3 (W.D. Okla. Apr. 24, 2026), *report and recommendation adopted sub nom.,* 2026 WL 1422041 (W.D. Okla. May 20, 2026) ("Because Petitioner's claim for relief necessarily imply the invalidity of his confinement, his claim falls within the core of the writ of habeas corpus and thus must be brought in habeas.") (alterations and internal quotations omitted) (citing *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004)); *Le Nguyen v. Bondi*, 2026 WL 892491, at *10 (D.N.M. Mar. 31, 2026) ("Because the relief Petitioner seeks, release from custody, is attainable through habeas corpus, the APA does not supply an independent cause of action.").

Because petitioner could come forward with evidence in the future indicating that his removal is not substantially foreseeable, the Court will require the parties to file a report on August 24, 2026.

## III.    CONCLUSION

Therefore, it is

**ORDERED** that petitioner M.S.M.'s Amended Petition for Writ of Habeas Corpus [Docket No. 11] is **DENIED without prejudice**.  It is further

**ORDERED** that the parties shall file a report on **August 24, 2026** describing the efforts, if any, to effectuate petitioner's removal.

DATED June 26, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge